# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

## SOUTHERN  DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

        Vs.                           CR.NO.  1:05 CR 152

JOHNNIE GRIMES,
        Defendant.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Now Comes the Defendant, JOHNNIE GRIMES, by and through undersigned counsel, Sydney Albert (Al) Smith, and respectfully requests that this Court give the attached Jury Instructions to the jury in the above-styled case.

**WHEREFORE,** Defendant respectfully requests that this Motion be granted.

Respectfully submitted this the 29th day of September, 2005.

S/Sydney Albert Smith
Sydney Albert (Al) Smith
Attorney at Law
ASB-3560-H70S
P. O. Drawer 389
Elba, Al 36323
Phone:         334-897-3658
Fax:           334-897-8633

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN  DIVISION**


UNITED STATES OF AMERICA,
        Plaintiff,

        Vs.                                     CR.NO.  1:05 CR 152

JOHNNIE GRIMES,
        Defendant.

**CONTENTS OF ATTACHED**
**DEFENDANT'S REQUESTED INSTRUCTIONS**

1. Preliminary Instructions Before Opening Statements
2. Introduction
3. Duty to Follow Instructions; Presumption of Innocence; Burden of Proof
4. Definition of Reasonable Doubt
5. Credibility of Witness
6. Impeachment; Inconsistent Statement
7. Impeachment: Felony conviction
8. Impeachment: Bad reputation
9. Codefendant, Plea Agreement
10. Accomplice, Informer, Immunity
11. Accomplice, Addictive Drugs, Immunity
12. Confession Multiple Defendants
13. Law Enforcement Witnesses
14. Expert Witnesses
15. Character Evidence
16. Good Faith Reliance Upon Advice of Counsel
17. Similar Acts Evidence
18. Aiding or Abetting
19. General Conspiracy Charge
20. Multiple Conspiracies
21. Association or presence
22. On or About; Knowingly; Willfully
23. On or About; Knowingly
24. Theory of Defense Instruction
25. Duty to Deliberate


**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS**
**<u>BEFORE OPENING STATEMENTS</u>**

"Members of the Jury:

You have now been sworn as the jury to try this case. By your verdict(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news programs on either television or radio because of the possibility that some mention might

be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

Now, in order that you might understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will not cover all of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s),and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

**Presumption of Innocence.**  As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against the Defendant or anyone else. Indeed, the Defendant has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

**Burden of Proof.** Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Order of Proof - Defendant's Right Not to Testify.** Because the Government has the burden of proof, it will go forward and present its testimony and evidence first. After the Government finishes or "rests" what we call its "case in chief," the Defendant may call witnesses

and present evidence if he wishes to do so. However, you will remember that the law does not require a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event should he so elect.

**Credibility of the Witnesses.** As you listen to the testimony, you should remember that you will be the sole judges of credibility or "believability" of each witness and the weight to be given to his or her testimony. In deciding whether you believe or disbelieve any witness, you should consider his relationship to the Government or the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

From time to time during the trial, I may be called upon to make rulings of law on motions or objections made by the lawyers. You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any interferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions, you may be executed from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to

determine and should be patient even though the case may seem to go slowly.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we except the case to last two (2) days, but I will make every effort to expedite the trial whenever possible.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show. After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case. The statements that the lawyers make now, as well as the arguments they present at the end of trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits) or as your instruction on the law (which will come only from me). Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement."


Authority: Selected portions <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ 1.1 and 1.2 (1997).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

**<u>INTRODUCTION</u>**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.  It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ 1 (2003).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

**DUTY TO FOLLOW INSTRUCTIONS;**

**PRESUMPTION OF INNOCENCE;**

**BURDEN OF PROOF**

**(When The Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government. You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law. The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ 2.2 (2003). **ANNOTATIONS AND COMMENTS**

United States v. Teague, 953 F.2d 1525, 1539 (11th Cir. 1992), cert. denied, 506 U.S. 842, 113

S.Ct. 127, 121 L.Ed.2d 82 (1992), Defendant who does not testify is entitled to instruction that

no inference may be drawn from that election; see also United States v. Veltman, 6 F.3d 1483,

1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of

innocence at the beginning of the  trial . . . . Although the Court charged the jury on the

presumption before they

retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a

mention of this jurisprudential bedrock.")

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4**

**Definition Of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt. A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are

convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Authority: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/ 23 (2003).

**ANNOTATIONS AND COMMENTS**

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 5**


**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal

interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/ 5 (2003)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 6**

**Impeachment - - Inconsistent Statement**


You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply

an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.


Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ 6.1 (2003).

**ANNOTATIONS AND COMMENTS**

United States v. D'Antignac, 628 F.2d 428, 435-36 n.10 (5th Cir. 1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981) approved instruction (used in conjunction with Basic Instruction 5 and Special Instruction 2.1 as befitted the facts of that case). See also United States v. McDonald, 620 F.2d 559, 565 (5th Cir. 1980), and United States v. Soloman, 856 F.2d 1572, 1578 (11th Cir. 1988), reh'g denied, 863 F.2d 890 (1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352,

103 L.Ed.2d 820 (1989).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 7

### Impeachment

### Inconsistent Statement And Felony Conviction

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply

an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ **6.2** (2003).

## ANNOTATIONS AND COMMENTS
United States v. Solomon, 856 F.2d 1572, 1578 (11th Cir. 1988), reh'g denied, 863

F.2d 890 (1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) approved this instruction.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 8**

**Impeachment**
**Bad Reputation (Or Opinion) Concerning Truthfulness**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness. You may consider those matters also in deciding whether to believe or disbelieve such a witness.

Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ **6.7** (2003).

**ANNOTATIONS AND COMMENTS**
Rule 608. [FIRE.] Evidence of Character and Conduct of W itness (a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. See United States v. Watson, 669 F.2d 1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony. See also, Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), FIRE.), and the Annotations and Comments following that instruction.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 9**

**Accomplice - - Co-Defendant - - Plea Agreement**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other

witnesses. And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

Authority: <u>Eleventh Circuit Pattern Jury Instructions Criminal,</u> Trial Instructions Nos/ **1.2** (2003).

**ANNOTATIONS AND COMMENTS**
United States v. Solomon, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) approved similar instruction.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 10**

**Accomplice - - Informer - - Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instructions Criminal 1.1

**ANNOTATIONS AND COMMENTS**

United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986) approved similar instruction.  See also United States v. Solomon, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 11**

**Accomplice - - Addictive Drugs - - Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instructions Criminal 1.3

**ANNOTATIONS AND COMMENTS**

United States v. Fajardo, 787 F.2d 1523, 1527 (11th Cir. 1986) approved this instruction. See also United States v. Solomon, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 12**

**Confession - - Statement**
**(Multiple Defendants)**


When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatever as evidence with respect to any other Defendant on trial.


Authority: <u>Eleventh Circuit Pattery Jury Instructions Criminal</u>, Trial Instructions Nos/2.2 (2003).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 13**

**Law Enforcement Witnesses**

The government has called witnesses in this case who are  government agents, that is, law enforcement agents or officer.   I tell you now that their testimony must be measured and judged like any other witness. They get no more credibility or believability on your part because they are government agents or because they have a badge.   On the other hand, they get no less credibility because of the fact that they are employed in an official government capacity.   All witnesses, defendant's and government agents, are to be judged and measured in the same capacity by you as jurors.

Authority:  See, 1 L. Sand, et al., Modern Federal Jury Instructions - Instruction #7-16 (1992)., **U.S. v. Nash** , 910 F.2d 749 , C.A.11 (Fla.),1990

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 14**

**EXPERT WITNESS**


When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.


**AUTHORITY:** Eleventh Circuit Pattern Jury Instructions Nos/7.

**ANNOTATIONS AND COMMENTS**

United States v. Johnson, 575 F.2d 1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 15

## Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

AUTHORITY: <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Trial Instructions Nos

## ANNOTATIONS AND COMMENTS

Rule 404. [FRE] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;. . .

<u>United States v. Broadwell</u>, 870 F.2d 594, 609 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989), approved this instruction.

<u>United States v. Darland</u>, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. <u>United States v. Gil</u>, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the

Defendant's character, offered under FRE 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under FRE 608(a).  This instruction should be given when the evidence has been admitted under Rule 404.   Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - -Rule 405(a) provides that such "proof may be made by testimony as to reputation or by testimony in the form of an opinion."

/12.

### DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 16

### Good Faith Reliance Upon Advice Of Counsel

Good faith is a complete defense to the charge in the indictment since good faith on the part of the Defendant is inconsistent with the existence of willfulness which is an essential part of the charge. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged in the indictment.

So, a Defendant would not be "willfully" doing wrong if, before taking any action with regard to the alleged offense, the Defendant consulted in good faith an attorney whom the Defendant considered competent, made a full and accurate report to that attorney of all material facts of which the Defendant had the means of knowledge, and then acted strictly in accordance with the advice given by that attorney.

Whether the Defendant acted in good faith for the purpose of seeking advice concerning questions about which the Defendant was in doubt, and whether the Defendant made a full and complete report to the attorney, and whether the Defendant acted strictly in accordance with the advice received, are all questions for you to determine.

**AUTHORITY:** Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos 18.
**ANNOTATIONS AND COMMENTS**

United States v. Eisenstein, 731 F.2d 1540, 1544 (11th Cir. 1984) approved similar instruction.

See also United States v. Condon, 132 F.3d 653 (11th Cir. 1998) (describing the circumstances in which a good faith reliance upon advice of counsel instruction is appropriate).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 17**
**Similar Acts Evidence**
**(Rule 404(b), FRE)**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or whether the Defendant acted according to a plan or in preparation for commission of a crime, or whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake.

## ANNOTATIONS AND COMMENTS

Rule 404. [FRE] Character Evidence Not Admissible To Prove Conduct;
Exceptions; Other Crimes

\* \* \* \* \*

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. See note 15 at pages 911-912.  Beechum also approves a limiting instruction similar to this one. See note 23 at pages 917-918.


Both the Supreme Court and the Eleventh Circuit have expressly endorsed the Beechum test. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); United States v. Miller, 959 F.2d 1535 (11th Cir. 1992) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).


AUTHORITY: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/4 (2003).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 18**
**Aiding And Abetting (Agency)**
**18 USC § 2**

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

AUTHORITY: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/7 (2003).

**ANNOTATIONS AND COMMENTS**

United States v. Broadwell, 870 F.2d 594, 607 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989) approved this instruction.  See also United States v. Walker, 621 F.2d 163 (5th Cir. 1980), cert. denied, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981).

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS NUMBER 19**
**General Conspiracy Charge**
**18 USC §371**

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:  That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

<u>Third</u>:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

<u>Fourth</u>:   That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.


AUTHORITY: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/13.1 (2003).

**ANNOTATIONS AND COMMENTS**

18 USC § 371 provides:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the United States].

Maximum Penalty:    Five (5) years imprisonment and applicable fine.

United States v. Horton, 646 F.2d 181, 186 (5th Cir. 1981), approved this instruction.

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS NUMBER 20**

**Multiple Conspiracies**
**(For Use With General Conspiracy Charge)**
**18 USC § 371**

You are further instructed, with regard to the alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges.

What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendants of that charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that a particular Defendant was a member of some other conspiracy, not the one charged in the indictment, then you must acquit that Defendant.

In other words, to find a Defendant guilty you must unanimously find that such Defendant was a member of the conspiracy charged in the indictment and not a member of some other separate conspiracy.

**AUTHORITY:** Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/13.3

**ANNOTATIONS AND COMMENTS**
United States v. Diecidue, 603 F.2d 535, 548-549 (5th Cir. 1979), approved this instruction.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 21**
Mere Presence of Defendant

Close association with a co-conspirator or mere presence at the illegal sale of drugs is, by itself, insufficient evidence to support a conviction for conspiracy to possess and distribute drugs. Mere presence, guilty knowledge, even sympathetic observation will fall short of the proof required to support a conviction. The government must have proved that an agreement existed between two or more persons illegally to possess and distribute drugs and that JOHNNIE GRIMES knowingly and voluntarily joined or participated in the conspiracy.

AUTHORITY:  **U. S. v. Lyons, 53 F.3d 1198, 1201 (C.A. 11 (Fla.)1995)**

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 22**

**On Or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

AUTHORITY: <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Trial Instructions Nos/9.1 (2003).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 23**

**On Or About - - Knowingly (Only)**

**(When Willfulness Or Specific Intent Is Not An Element)**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

AUTHORITY: <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Trial Instructions Nos/9.2 (2003).

**ANNOTATIONS AND COMMENTS**

<u>United States v. Creamer</u>, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also <u>United States v. Reed</u>, 887 F.2d 1398 (11th Cir. 1989), <u>reh'g</u> <u>denied</u>, 891 F.2d 907 (1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 24**

**THEORY OF DEFENSE**


The Defendant must have known or had reasonable cause to believe that the ephedrine he sold would be used to manufacture methamphetamine.  This inquiry is entirely subjective, the inquiry is not to be viewed from the perspective of a hypothetical reasonable person, and the guilty intent or mind element is not satisfied if the Defendant acted through mistake, negligence, carelessness, or belief in an inaccurate proposition.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NUMBER 25**

**Duty To Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY: Eleventh Circuit Pattern Jury Instructions Criminal, Trial Instructions Nos/11 (2003).

**ANNOTATIONS AND COMMENTS**

United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction. See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

TOMMIE BROWN HARDWICK, ASSISTANT U. S. ATTORNEY

TERRY MOORER, ASSISTANT U. S. ATTORNEY

JOHN T. HARMON, ASSISTANT U. S. ATTORNEY

DAVID JEROME HARRISON, ATTORNEY FOR HOUSTON MIKE HOLLY

Respectfully submitted,

/s/Sydney Albert Smith

Sydney Albert Smith

ASB 3560 H70S

Attorney for Johnnie Grimes

P. O. Drawer 389

Elba, AL 36323

Phone:        334-897-3658

Fax:           334-897-8633

email:         sydneyalbertsmith@charter.net