**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

Vs.                                              CR.NO. 1:05 CR 152

JOHNNIE GRIMES,
    Defendant.

**DEFENDANT GRIMES' RESPONSE TO GOVERNMENT'S FORFEITURE MOTION AND COURT'S ORDER SETTING HEARING**

Now Comes the Defendant, JOHNNIE GRIMES, by and through undersigned counsel, Sydney Albert (Al) Smith, and responds to the Government's Motion for Forfeiture Hearing and the Court's Order of January 23, 2006.

1. The Indictment returned against the Defendant, JOHNNIE GRIMES, contains a forfeiture allegation for: "All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5138 County Road 636, Enterprise, Coffee County, Alabama, being further described as follows:

Parcel Number 003.000, County 19, Township 18, Area 02, Section 09, 1/4 0, Block 000 as shown on the Parcel Summary for said tract by Coffee County, Alabama."

The Information to which the Defendant entered a plea of guilty contains a forfeiture allegation pursuant to Title 21, United States Code, Section 853, and lists the deed **type** description of the property.

> One lot of land containing one acre, and being better described as follows: Begin where the West line of the NE1/4 of the NW1/4, Section 9, Township 3, Range 21 intersects the South boundary of Coffee County Highway 14; thence East 800 feet along

      the South line of County Road 14 and to Point of Beginning; thence 210 feet South; thence 210 feet East along the the South boundary of said lot to the Point of Beginning. Said property being apart of the NW1/4 of the NW1/4, Section 9, Township 3, Range 21, Coffee County, Alabama, and being a part of that conveyance to Grantors by conveyance dated May 29, 1920 and recorded in Deed Book 12, Page 234, Office of the Judge of Probate, Enterprise, Coffee County, Alabama.

2. The Presentence Report in "Offense Conduct" correctly states that all alleged criminal activity occurred at "Grimes Grocery". Although the PSR does not, in the Offense Conduct section state the location of "Grimes Grocery" there is no dispute that Grimes Grocery is located on the property listed in the forfeiture allegation.

3. In paragraph 33 of the PSR, the report correctly identifies that Mr. Grimes has owned the property where he lives and where, "[t]he home is next door to the Grimes Grocery, the building and property of which the defendant also owns", since 1956. There is no allegation that the entire property was obtained by illicit or drug related means.

4. The Government has requested forfeiture of; **<u>"one lot of land containing one acre"</u>** but described the entire property which constitutes some 8 acres of real estate upon which is the residence of Mr. Grimes and physically separated from the home by some distance and not connected in any way is the store building. Both the home and the store building front on a paved public road. Only the store is alleged to have been used or involved in drug activity.

5. There is authority for the Court in its determination of what, if not all, of the property is to be forfeited to consider the appropriate definition of "property" under the criminal forfeiture statute 21 U.S.C. §853. The authority, <u>United States v. 817 N.E. 29th Drive</u>, 175 F.3d 1304 (11th Cir. 05/21/1999), is a case dealing with a civil forfeiture under 21 U.S.C. §881(a)(7), but there is no reason to distinguish the statutes for the purposes here. Indeed, in the opinion itself, the Court mixes

civil and criminal forfeiture statute language.

6. In United States v. 817 N.E. 29th Drive, 175 F.3d 1304 (11th Cir. 05/21/1999), the Government's position was that the word "property" in the statute should be defined by reference to the deed used to convey the land to the owner. The Defendant in that case proposed that the "property" should be defined by reference to descriptions in local land records. "Thus, if a given area of land is used to facilitate the commission of a drug crime, forfeitre should be granted as to all of the land included in the descriptive unit (for example, a lot in a subdivision) containing that are of land." United States v. 817 N.E. 29th Drive, 175 F.3d 1304, (11th Cir. 05/21/1999).

7. The Court rejected **both** approaches as being "unjustly arbitrary". The Court held in what it recognized as a case of first impression:

> We instead conclude that the definition of 'property' under 21 U.S.C. §881(s)(7) must be determined on a case-by-case basis. Specifically, the court must examine the character of the land on which the criminal activity took place, and etermine whether all of the land sought by the Government can be considered to be of that same character.
>
> ...
>
> Likewise, if the Government seeks forfeiture of commercial real estate used as a front for drug distribution, it may acquire all of the land that can reasonably be considered part of the front business. Again, if the claimant owns two businesses, and only one is used for criminal propose, only that business is to be forfeited. While deeds and local land records will undoubtedly be probative evidence in this inquiry, they will not be conclusive.

8. Again, there is no dispute of fact here that the "Grimes Grocery" was used to facilitate drug activity. There is no dispute that only the grocery itself is offending property although the Defendant's home and other real estate adjoin the grocery and all of the property was conveyed by one conveyance. The Government's Information lists "one acre" to be forfeited but lists a

description of the entire property. Counsel concedes that the Government probably made an error in its description by listing "one acre" However, perhaps providence is speaking to the appropriateness of limiting the forfeiture to the store building and some surrounding property, perhaps "one acre".

Respectfully submitted this the 29th day of September, 2005.

S/Sydney Albert Smith
Sydney Albert (Al) Smith
Attorney at Law
ASB-3560-H70S
P. O. Drawer 389
Elba, Al 36323
Phone:      334-897-3658
Fax:        334-897-8633

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

TOMMIE BROWN HARDWICK, ASSISTANT U. S. ATTORNEY
JOHN T. HARMON, ASSISTANT U. S. ATTORNEY
DAVID JEROME HARRISON, ATTORNEY FOR HOUSTON MIKE HOLLY

                                        Respectfully submitted,

                                        /s/Sydney Albert Smith
                                        Sydney Albert Smith
                                        ASB 3560 H70S
                                        Attorney for Johnnie Grimes
                                        P. O. Drawer 389
                                        Elba, AL 36323
                                        Phone:        334-897-3658
                                        Fax:           334-897-8633
                                        email:         sydneyalbertsmith@charter.net