IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:05cr152-MHT |
| **JOHNNIE GRIMES** | ) | |

### ORDER

Based upon the court's observations of defendant Johnnie Grimes during the sentencing hearing held on January 26, 2006, there is reasonable cause to believe that defendant Grimes may currently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a result, the court deems it necessary, pursuant to 18 U.S.C.A. § 4241(a), to hold a hearing to determine defendant Grimes's competency.

To assist in its determination of defendant Grimes's competency, the court finds that there exists good cause

for Grimes to undergo a psychological examination, pursuant to 18 U.S.C.A. § 4241(b). Because defendant Grimes is currently on pretrial release in Coffee County, Alabama, pending the resolution of this case, the examination should be conducted locally. Defense counsel should make arrangements to find an appropriate psychologist or psychiatrist ("professional") to conduct the examination.

In conducting the examination and preparing the report, the court requests that the professional include the following information:

(1) Defendant Grimes's personal history, including present symptoms of both mental and physical health;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) An opinion as to defendant Grimes's diagnosis, prognosis, and whether

        Grimes's condition is such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

(4)    An opinion regarding the effect, if any, of the present prosecution on defendant Grimes's mental and physical health.

<u>See</u> 18 U.S.C.A. § 4247(b).  Of course, this list is not exhaustive.  The professional is free, and indeed encouraged, to include all relevant information about defendant Grimes's background or condition that he or she believes will be useful to court in rendering its ultimate determination of competence.

    Upon completion of the examination, the professional is to file a report with the court, and to provide copies of the report to both defendant Grimes's counsel and counsel for the government.  Upon receipt of the report,

the court will set a date for a hearing to determine Grimes's competency.  See 18 U.S.C.A. §§ 4241(c) & (d).

Accordingly, it is ORDERED as follows:

(1) Defendant Johnnie Grimes is DIRECTED to meet with a psychologist or psychiatrist for the purposes of having a complete psychological examination conducted.

(2) Defense counsel for defendant Grimes is DIRECTED, in consultation with counsel for the government, to select a qualified individual to conduct the examination locally, and to make arrangements for the examination to occur at the earliest possible date in light of the various medical procedures defendant Grimes is currently scheduled to undergo.

(3) The psychologist or psychiatrist selected by defense counsel is DIRECTED to conduct the necessary battery of tests to provide the court with the requisite information concerning Grimes's competency.

(4) That psychologist or psychiatrist is further DIRECTED to file a report consistent with this order

addressing the issue of Grimes's competency and to provide counsel for Grimes and counsel for the government a copy of said report.

    (5) The United States is DIRECTED to bear the costs of the examination.

    DONE, this the 27th day of January, 2006.

                                          /s/ Myron H. Thompson
                                         UNITED STATES DISTRICT JUDGE